IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | : | |
| Plaintiff, | : | No. 18-cr-0144-JMY |
| | : | |
| vs. | : | |
| | : | |
| BELOR MBEMBA MAPUDI NGOMA, | : | |
| Defendant. | : | |

MEMORANDUM

**Younge, J.**                                                                                           **March 28, 2023**

Currently before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* (ECF No. 82) and an *Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* (ECF No. 93) filed by Defendant Belor Mbemba Mapudi Ngoma (hereinafter "Defendant"). The Court finds this matter appropriate for resolution without oral argument or evidentiary hearing under Rule 8(a) of the Federal Rules Governing § 2255 Proceedings (Evidentiary Hearings) and 28 U.S.C. § 2255(b). For the reasons set forth herein, Defendant's Motions will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND:**

On October 30, 2018, a federal grand jury returned a Superseding Indictment charging Defendant with bank fraud, in violation of 18 U.S.C. § 1344 (Count One); possession of fifteen or more counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count Two); possession of access device-making equipment, in violation of 18 U.S.C. § 1029(a)(4) (Count Three); and, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Four).

Defendant was first arrested in connection with this case by the Pennsylvania State Police and charged with driving under the influence ("DUI") after he crashed the 2017 Nissan, Altima he was operating into a concrete side barrier for the ramp from U.S. Route 1 southbound to

westbound I-76 in Philadelphia, Pennsylvania at 2:00 a.m. on March 9, 2018.  (Findings of Fact & Conclusions of Law ¶ 1, ECF No. 56.)  When Defendant was arrested for DUI on March 9, 2018, he was found in possession of approximately 50 counterfeit credit/debit cards and a Deftun Bluetooth MSRX6 Magnetic Stripe Card Reader/Writer/Encoder.  After an investigation, the items found in Defendant's possession were determined to be tools used to engage in financial transactions to defraud retail establishments and account holders whose account numbers appeared on the counterfeit cards.

Based on such evidence, Defendant was initially charged with possession of fifteen or more counterfeit access devices and possession of access device-making equipment.  Further investigation of Defendant's Bank of America records revealed that he had claimed on three separate occasions that his Bank of America cards were lost or stolen and that charges made with the cards were fraudulent.  However, Defendant was found in possession of the three cards he had previously reported stolen.  Law enforcement also determined that Defendant stole, used, and/or unlawfully possessed assess device numbers assigned to other individuals without the owners' authorization.

On February 10, 2020, Defendant entered a guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(C) to all four counts in the Superseding Indictment.  In the guilty plea agreement, the Parties recommended a sentence of 30 months' imprisonment, including a mandatory minimum sentence of 24 months' imprisonment, five years supervised release, $1,400.95 restitution, forfeiture of a Deftun Bluetooth MSRX Magnetic Stripe Card Reader/Writer/Encoder, and a $400 special assessment – the financial penalties to be paid at such time as directed by the Court.  At sentencing on July 15, 2020, Judge Darnell Jones II imposed a sentence consistent with the recommended sentence suggested by the Parties.  Prior to

sentencing, on July 13 or 14, 2021, Defendant filed a *Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255*. He later filed his *Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255*. These Motions are now before the Court for disposition.

## II. STANDARD OF REVIEW:

A federal prisoner "claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Such a prisoner may attack his sentence on any of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law. *Id.*

An evidentiary hearing is not required under § 2255 where "the files and records or the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla-Castro*, 426 F. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord, United States v. Day*, 969 F.2d 39, 41–42 (3d Cir.1992); *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (the district court abuses its discretion if it fails to conduct an evidentiary hearing when the record is inconclusive). "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987). Thus, the court may, without further investigation, dispose of "vague and conclusory allegations contained in a § 2255 petition" without granting a hearing. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

The Court is denying Defendant's Motion on its face without a hearing, so the Court will not appoint counsel. Rule 8(c) of the Federal Rules Governing § 2255 Proceedings (Evidentiary

Hearings) requires the Court to appoint counsel for an indigent defendant where an evidentiary hearing is required. *United States v. Bendolph*, 409 F.3d 155, 160 (3d Cir. 2005). A defendant has no constitutional right to counsel in a non-capital habeas proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

### III.   ISSUES RAISED BY DEFENDANT:

Defendant raises issues of ineffective assistance of guilty plea and sentencing counsel in his two *Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* as set forth below in a combined block quote taken from both motions as follows:

1. Counsel failed to file a motion to dismiss the [I]ndictment for violation of Defendant's statutory and constitutional right to a speedy trial within the time frame required by the law whereas [D]efendant compelled his [C]ounsel to do so. [Amended Motion page 15.]

2. Counsel failed to file a motion to dismiss the Superseding Indictment as it was filed outside the thirty-day time frame as required by 18 U.S.C. § 3161 *et seq.*, or in the alternative, the dismissal of Count 4 of the Indictment on the ground that the statute is unconstitutional as applied. [Amended Motion page 15.]

3. Counsel failed, during the motion to suppress hearing, to introduce critical evidence of concussions and head injuries that Defendant may have suffered and that his interrogation by the Pennsylvania State Police and the statement given to them following his [near] fatal car accident, which lead to Defendant's arrest and consequently the search of Defendant's rental vehicle [should have been precluded.] Counsel failed to investigate whether Defendant's testimony while he was impaired at the time of the car accident must have been [included]. [Amended Motion page 15.]

4. Counsel failed to investigation if Defendant's Miranda rights were violated when he talked to the Pennsylvania State Police under the influence of alcohol. [Motion page 5.]

5. Counsel failed to introduce evidence that Defendant's testimony while impaired at the time of the car accident must have been excluded. [Motion page 5.]

6. Counsel failed to present an expert witness to testify during [Defendant's] motion to suppress to testify in regard to the injuries he may have suffered after the . . . car accident in which Defendant hit his head to the windshield and broke it, and was profusely bleeding at the head. [Amended Motion page 15.]

7. Counsel did not adequately protect Defendant's due process rights and [protect him] from [the] unreasonable search of [his] car. Counsel failed to argue and

      present proper [precedential case law] similar to the Defendant's case. [Amended Motion page 15.]

8. Counsel refused to consider and use case law that Defendan[t] had given him for the motion to suppress in order to pursue all remedies available to the Defendant, in order to question the [evidence that] the Government had against Defendant. [Amended Motion page 15.]

9. Counsel failed to obtain a plea agreement on Defendant's behalf and failed to properly investigate the evidence used against him, and calculate the proper loss amount. Counsel failed to highlight prosecutorial misconduct in which the Assistant U.S. Attorney partnered with [Defendant's in-laws] in the Defendant's custody case in Delaware County, Pennsylvania and [used] them as an asset in Defendant's prosecution in Federal Court. [Motion page 5; Amended Motion page 15.]

10. Counsel failed to properly investigate the evidence used against Defendant and calculate the proper loss amount. [Motion page 5.]

(*Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* page 5; *Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* page 15.)

## IV. DISCUSSION:

Defendant argues that guilty plea and sentencing counsel provided ineffective assistance of counsel at various stages of the criminal proceeding that was bought against him. (*Id.*) Therefore, he argues that his judgment of conviction and sentence should be set aside because he was denied the right to effective assistance of counsel during guilty plea and sentencing phases of the criminal proceedings. (*Id.*)

The Sixth Amendment guarantees the accused the "right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify

the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama,* 571 U.S. 263, 264 (2014).  To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland,* 466 U.S. at 693.  To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton,* 571 U.S. at 264.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 1089 (quoting *Strickland,* 466 U.S. at 695).

A.  <u>Counsel Was Not Ineffective for Failing to Move to Dismiss the Indictment or Superseding Indictment Based on A Purported Violation of the Speedy Trial Act, 18 U.S.C. § 3161(b)</u>:

Defendant makes an argument that is without merit when he argues that guilty plea and/or sentencing counsel were ineffective for failing to move to dismiss the Indictment or Superseding Indictment based on what he claims was a violation of the Speedy Trial Act, 18 U.S.C. § 3161(b).  The Speedy Trial Act establishes time limits for bringing an accused criminal defendant to trial.  Under the deadlines established by the Speedy Trial Act, an information or indictment must be filed with 30 days from the date of arrest. 18 U.S.C. § 3161(b). Trial must commence within 70 days from the date the information or indictment is filed, or from the date defendant appears before an officer of the court in which the charge is pending – whichever is later.  18 U.S.C. § 3161(c)(1).  Under the Speedy Trial Act, any period of delay resulting from a continuance is excludable where granting the continuance serves the ends of justice and

6

outweighs the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A), (B) and (C).  Additionally, any period of delay resulting from any pretrial motion is excludable from the filing of the motion through the conclusion of the hearing or other disposition of the motion.  18 U.S.C. § 3161(h)(1)(D).

      A review of the docket illustrates that the timing and filing dates established by the Speedy Trial Act were met by the Government and that continuances of time were sought at the request of Defense Counsel in order to prepare a defense and to litigate Defendant's motion to suppress evidence.  *United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013) (Defendant's express authorization is not required, and periods of delay with the consent of defense counsel are properly excludable under the Speedy Trial Act).  Furthermore, Defendant signed a waiver of his rights under the Speedy Trial Act in connection with his numerous requests to continue the trial date.  (Waiver, ECF No. 36.)

      To briefly summarize, the Indictment was filed on April 10, 2018 within thirty (30) days of Defendant's arrest.  The Court scheduled a jury trial to commence on June 6, 2018, within 70 days of filing of Indictment.  (ECF No. 10.)  On June 5, 2018, Defendant waived his rights under the Speedy Trial Act when Defense Counsel filed the first motion for continuance of the trial date.  (ECF No. 11.)  The Court granted the motion to continue trial and rescheduled trial to commence on November 14, 2018.  (ECF No. 14.)  Then on October 30, 2018, the Government filed a Superseding Indictment.  (ECF No. 18.)

      After receiving the Superseding indictment, Defendant again waived his rights under the Speedy Trial Act when Defense Counsel filed a second motion for continuance of trial.  (ECF No. 19.)  The Court rescheduled trial to commence on February 13, 2019.  (ECF No. 20.)  On January 29, 2019, Defendant filed a *pro se* motion to suppress evidence which precipitated in

Defense Counsel filing a motion to suppress evidence on February 19, 2019. (ECF No. 22, 28.) Defendant also filed a *pro se* omnibus type motion which sought to compel Defense Counsel to file various additional pretrial motions. (ECF No. 34.)

Defense Counsel then filed a third motion to continue trial which the Court granted when it scheduled a hearing on the Defendant's motion to suppress evidence for March 11, 2019. (ECF No. 35-37, 39-40.) The Court then held a two-day suppression hearing which began on March 11, 2019. (ECF No. 42-43.) On August 13, 2019, Judge Darnell Jones II entered an Order along with Findings of Fact and Conclusions of Law that denied Defendant's motion to suppress evidence. (ECF no. 56-57.) On September 30, 2019, Judge Darnell Jones II then rescheduled trial to commence on February 12, 2020. (ECF No. 59-60.) Defendant plead guilty to the charges in the Superseding Indictment on February 10, 2020. (ECF No. 70-71.)

A brief review of the docket illustrates that no violation of Defendant's rights under the Speedy Trial Act occurred in this matter. Defendant waived his rights under the Speedy Trial Act when he filed multiple motions to continue trial in which he professed the need for additional time to prepare his defense and secure additional evidence. Defendant also filed an omnibus type pretrial motion along with a motion to suppress evidence. The time that it took for the Court to resolve Defendant's various pretrial motions including his motion to suppress evidence was excludable under the Speedy Trial Act. All of the delays were at the request of the Defendant or a result of a motion that he filed.

B.  Counsel Was Not Ineffective for Failing to Introduce Evidence of Injuries that Defendant Purportedly Suffered in the Single Car Accident Which Led to His Arrest:

Defendant argues that Defense Counsel was ineffective for failing to introduce evidence of injuries that he suffered in the automobile accident. However, he comes forward with nothing to substantiate his claim of ineffective assistance of counsel in this regard. He fails to explain

what evidence, medical records or expert reports should have been introduced by Defense Counsel.  Furthermore, the record is devoid of anything to suggest that Defendant received medical treatment following the accident or that any expert testimony was required to establish his injuries or support of his defense.

The Court will not order additional discovery or hold an evidentiary hearing to further investigate Defendant's bald allegations that Defense Counsel should have presented unspecified evidence of purported injury in support of his defense.  Defendant presents what is essentially a statement that Defense Counsel was ineffective without providing a specific explanation as how Defense Counsel failed in their duties.

It is also extremely unlikely that any purported evidence related to injuries that Defendant suffered in the automobile accident would have affected the outcome of this criminal proceeding. Defendant pled guilty after Judge Darnell Jones II denied his motion to suppress the physical evidence that the Government intended to introduce against him had this matter had gone to trial. (Order & Findings of Fact and Conclusions of Law, ECF No. 56, 57.)  Defendant's decision to plead guilty was most likely based on the overwhelming physical evidence of guilt that the Government intended to introduce had this matter gone to trial.

As will be explained more fully in section C below, Defendant crashed a 2017 Nissan Altima into a concrete side barrier for the ramp from U.S. Route 1 southbound to westbound I-76 in Philadelphia, Pennsylvania at 2:00 a.m. on March 9, 2018.  (Findings of Fact & Conclusions of Law ¶ 1, ECF No. 56.)  An eye-witness saw an individual at the scene of the accident discarding items by throwing them off of the side of the ramp or bridge before fleeing on foot. (*Id.* ¶ 4.)  State Troopers later recovered items found inside of the automobile and on the side of the road that were determined to belong to Defendant that were used to commit crimes alleged in

the Superseding Indictment. In this context, Defendant completely fails to establish that evidence of injuries he suffered in the accident would have resulted in his decision not to enter a plea of guilty. Therefore, the Court will summarily dispense with Defendant's claim of ineffective assistance of counsel on these grounds.

C. <u>Defense Counsel Was Not Ineffective for Failing to Pursue a Purported Violation of Defendant's Miranda Rights</u>:

Defendant makes an argument that is without merit when he argues that guilty plea and/or sentencing Counsel were ineffective for failing to argue that his Miranda Rights were violated when he spoke with Pennsylvania State Police following his single car accident on March 9, 2018. Police officers are not required to administer Miranda warnings to everyone whom they question. *Oregon v. Mathiason,* 429 U.S. 492, 495 (1977). *Miranda,* of course, requires warnings only when the person the police are questioning is in custody. *Miranda v. Arizona,* 384 U.S. 436, 468 (1966); *United States v. Willaman,* 437 F.3d 354, 359 (3d Cir. 2006). Any discussion about whether Plaintiff's Miranda Rights were violated when he spoke with Pennsylvania State Police following the single car accident must be placed in its proper context to understand that no violation of Defendant's Miranda Rights occurred.

Defendant crashed a 2017 Nissan Altima into a concrete side barrier for the ramp from U.S. Route 1 southbound to westbound I-76 in Philadelphia, Pennsylvania at 2:00 a.m. in morning on March 9, 2018. (Findings of Fact & Conclusions of Law ¶ 1, ECF No. 56.) The ramp where the accident occurred resembled an elevated bridge. (*Id.* ¶ 3, 18.) An eye-witness saw an individual at the scene of the accident discarding items by throwing them off of the side of the ramp or bridge before fleeing on foot. (*Id.* ¶ 4.) State Troopers located Defendant near the end of the ramp from U.S. Route 1 southbound to westbound I-76, approximately 2/10 to 3/10 of a mile away from the scene of the car accident. (*Id.* ¶ 6.) After determining that Defendant

matched the description of the individual who was seen throwing items off the side of the ramp (bridge) and fleeing the scene, Officers stopped the Defendant to ask if he had been involved in the automobile accident at issue. (*Id.* ¶ 6, 10.) Defendant initially told State Troopers that he did not own the damaged automobile and that he had not been involved in an accident. (*Id.* ¶ 10.) According to Officers, Defendant was emitting a strong smell of alcohol, so they detained him and drove him back to the scene of the accident where they quested Defendant about the accident and conducted a field sobriety test which resulted in Defendant's arrest. (*Id.* ¶ 11, 14-15.)

Defendant suffered no *Miranda* violation under the circumstances presented by this fact pattern; therefore, Counsel was not ineffective for failing move to suppress statements made by Defendant following the March 9, 2018 automobile accident. Inquiries regarding the accident and Defendant's ownership of the abandoned vehicle do not constitute an interrogation in violation of *Miranda*. Furthermore, it is extremely unlikely that any issue related to the suppression of statements made to State Troopers at the scene of the accident had any influence on Defendant's decision to plead guilty to the charges in the Superseding Indictment given the overwhelming physical evidence found in Defendant's possession. Defendant pled guilty after Judge Darnell Jones II denied his motion to suppress physical evidence that the Government intended to introduce against him if the matter had gone to trial. (Order & Findings of Fact and Conclusions of Law, ECF No. 56, 57.)

D.  Counsel Was Not Ineffective for Failing to Move to Suppress Physical Evidence Recovered at the Scene of the March 9, 2018 Automobile Accident:

Defendant makes an argument that is without merit when he argues that guilty plea and/or sentencing counsel were ineffective for failing to move to suppress physical evidence recovered at the scene of the automobile accident. In direct contradiction to Defendant's argument, a review of the docket reveals that a suppression hearing lasting two-days in length

11

was held before Judge Darnell Jones II.  (Suppression Hearing, ECF No. 42 & 43.)  Defense Counsel filed a motion to suppress evidence (ECF No. 28), and proposed findings of fact and conclusions of law (ECF No. 54) which fully appraised the Court of the applicable law as it applied to the fact pattern of this case.  Defense Counsel fully litigated the issue of suppression of evidence, and Defendant's argument to the contrary is just plain wrong.

E.  <u>Nothing Suggests that Defense Counsel Was Ineffective During the Plea Negotiation Process</u>:

Defendant makes an argument that is without merit when he argues that Defense Counsel should have negotiated a guilty plea agreement with more favorable terms.  Defendant entered into a written guilty plea agreement in which he waived his right to a jury trial and his right to file an appeal from any judgment of conviction entered by the Court.  (ECF No. 74.)  He then appeared before the Court for a guilty plea colloquy during which he confirmed his acceptance of the terms and conditions of the signed agreement.  (ECF No. 73.)

Upon review of the terms and conditions of Defendant's plea agreement, the Court finds nothing so unreasonable as to warrant deeming Defense Counsel ineffective in the plea negotiation process.  Federal Sentencing Guidelines called for a sentence between 36 to 42 months incarceration and a fine between $4,000 to $1,000,000.  Judge Darnell Jones II imposed a sentence of 30 months' incarceration and waived any applicable fines.  Defendant received a sentence that was well below Federal Sentencing Guidelines.

F.  <u>Defendant Fails to Establish that Defense Counsel was Ineffective for Failing to Raise or Argue Prosecutorial Misconduct</u>:

Guilty plea counsel and/or sentencing counsel cannot be found ineffective for failing to raise the issue of prosecutorial misconduct based merely on Defendant's bald allegation that misconduct occurred.  In his motions to vacate, set aside, or correct his sentence, Defendant

makes vague reference to a custody dispute in Delaware County, Pennsylvania related to his daughter which involved his wife and her family.  However, Defendant does nothing to explain how this custody dispute influenced the prosecution of this criminal case.  Defendant fails to allege any specific facts or develop a coherent argument to explain the basis for his claim that prosecutorial misconduct occurred.

The Court will not order a hearing to further investigate Defendant's claim of ineffective assistance of counsel based merely on his bald assertions of prosecutorial misconduct.  Furthermore, it is extremely unlikely that any purported prosecutorial misconduct influenced Defendant's decision to plead guilty in this matter given the overwhelming physical evidence that the Government intended to introduce had this matter gone to trial.  The Court does not believe that any purported misconduct influenced Defendant's decision to plead guilty.  Therefore, the Court will summarily dispense with Defendant's claim of ineffective assistance of counsel as it relates to his claim of prosecutorial misconduct.

G.  <u>Defendant Failed to Establish that Defense Counsel was Ineffective in Calculating the Proper Loss Amount</u>:

Defendant was ordered to pay restitution in the amount of $1,400.95 to the Bank of America in connection with charges in the Superseding Indictment.  The amount of restitution was consistent with allegations set forth in Count One of the Superseding Indictment. (Superseding Indictment (Count One), ECF No. 18.)  If this matter had gone to trial, the Government was prepared to call a representative from the Bank of America and other witnesses to establish the amount of loss for calculating restitution.  (Government's Trial Memorandum, ECF No. 27.)  Defendant plead guilty which nullified the need for trial and evidentiary proof of loss.

In his motions to vacate sentence, Defendant now comes forward with nothing other than his bald allegation to attack the loss calculation in support of his claim for ineffective assistance of counsel. The Court will not hold a hearing to further investigate Defendant's claim that he does not owe Bank of America $1,400.95 when he pled guilty to allegations set forth in Count One of the Superseding Indictment. The Court will summarily dispense with this claim.

### V.   CONCLUSION:

For these reasons, the Court will summarily deny the Defendant's *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* and *Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255*.

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge