IN THE UNITED STATES DISTRICT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : |
| | :    No. 18-cr-144-JMY-1 |
| vs. | : |
| | : |
| BELOR MBEMBA MAPUDI NGOMA | : |

**MEMORANDUM**

**Younge, J.**                                                                                                   **December 15, 2023**

      Currently before the Court is Defendant's *Motion for Return of Seized Property* (hereinafter referred to as "Motion"). (Motion, ECF 106.) The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. Pro. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Defendant's Motion will be denied.

**I.**       **FACTUAL AND PROCEDURAL BACKGROUND:**

      The Court will not engage in a belabored discussion of the procedural and factual background surrounding the Defendant's arrest and conviction because these topics were adequately explained in the *Memorandum* (ECF No. 104) filed by this Court, and the *Findings of Fact & Conclusions of Law* (ECF No. 56) filed by the Honorable C. Darnell Jones when resolving the Defendant's *Motion to Suppress Physical Evidence*. (ECF No. 28.)

      Defendant pled guilty and was convicted of bank fraud, in violation of 18 U.S.C. § 1344; possession of fifteen or more counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(3); possession of access device-making equipment, in violation of 18 U.S.C. § 1029(a)(4); and, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Consistent with the terms of the guilty plea agreement that he entered into with the Government, Defendant was sentenced to 30 months' imprisonment, five years supervised release, $1,400.95 restitution, forfeiture of a

Deftun Bluetooth MSRX Magnetic Stripe Card Reader/Writer/Encoder, and a $400 special assessment.  (Judgment in a Criminal Case; ECF No. 81.)

After serving his term of incarceration, the Defendant was released from the Federal Bureau of Prisons (BOP) on July 27, 2020.  (Response in Opposition to Motion; ECF No. 108 page 3-4.)  Following release from the BOP, Defendant was placed in the custody of the Department of Homeland Security, Immigration and Customs Enforcement, where he was held at the Krome Service Processing Center, 18201 SW 12th Street, Miami, FL 33194 pending his removal to the Democratic Republic of Congo.  (Status Report, ECF No. 113 page 1-2.)  On August 15, 2023, Defendant was removed from the United States via Miami International Airport on Turkish Airlines flight 78 at 2115 hours escorted by ICE Deportation Officers L. Jenkins and K. Mauzon.  (Status Report, ECF No. 114 page 1-2.)

## II.     LEGAL STANDARD:

Under Federal Rules of Criminal Procedure 41(g), "[a] person aggrieved . . . by the deprivation of property may move for the property's return . . . . The court must receive evidence on any factual issue necessary to decide the motion."  Although the government is "permitted to seize evidence for use in investigation and trial . . . such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture."  *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999).  Once a criminal proceeding has terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."  *Id.* at 377.  The government can meet this burden by demonstrating "a cognizable claim of ownership or right to possession adverse to that of the movant."  *Id.* (citation and internal quotation marks

omitted). However, the government "must do more than state, without documentary support, that it no longer possesses the property at issue." *Id.* at 378.

## III. DISCUSSION:

The Court will deny the Defendant's Motion because the Court either lacks subject matter jurisdiction over the items of personal property that Defendant seeks to have returned or the items were lost or destroyed. Defendant seeks the return of personal property that he alleges to have been in the possession of the federal government, including two cell phones, a brown Armani Exchange watch, a Burberry scarf, a wallet, Congolese identification card and/or passport. (Defendant's Declaration, Motion for Return of Seized Property, Exhibit A, ECF No. 106 page 7.)

The court lacks subject matter jurisdiction over the claim that Plaintiff asserts for return of the Burberry scarf and Armani Exchange watch. These items do not appear in the inventory of personal property seized by the Pennsylvania State Police at the scene of the accident or at the time of Defendant's arrest.[1] (Id.) Defendant comes forward with nothing to show that federal agents ever took actual or constructive possession of these items of personal property. Assuming arguendo, that Defendant is correct in asserting that his Burberry scarf and Armani Exchange watch were seized by Pennsylvania State Police, the Court lacks subject matter jurisdiction over these items of personal property that remain in state or local custody. *United States v. Gulley*, No. 05-cr-16, 2007 U.S. Dist. LEXIS 18704, *7-8 (W.D. Pa. March 16, 2007) (The court set forth three factors for evaluating actual or constructive possession and determined that it lacked

---

[1] Defendant was arrested after fleeing the scene of a single car DUI accident. An eyewitness, attested to seeing Defendant attempt to destroy or discard evidence by hiding or scattering items around the accident scene. Defendant was stopped by police a short distance from the scene of the accident, and he denied that he was involved in the accident or that the damaged car was his. Incriminating evidence recovered from the scene of the accident was later subject to a suppression hearing, and the evidence was used against Defendant in a criminal proceeding.

3

subject matter jurisdiction over items of personal property seized and held by state or local authorities when a petitioner could not establish actual or constructive possession.).

The Court will not order the Government to return Defendant's two cell phones, wallet and Congolese passport or identification card because the Government came forward with evidence to establish that these items of personal property were either lost or destroyed. (Hedrick Affidavit, Government's Supplemental Status Report, Exhibit A, ECF No. 114-1.) Evidence of record establishes that the Pennsylvania State Police took possession of these items of personal property and that these items were turned over to federal agents when the Defendant was taken into federal custody.  (Motion, ECF No. 106; Pennsylvania State Police Property Record, Response in Opposition, Exhibit B, ECF No. 108-2; Government's Response to Motion, ECF No. 111.)  However, the Court cannot order federal agents to return what they no longer possess.

Rule 41(g) simply provides for the return of seized property; it does not waive the sovereign immunity of the United States with respect to actions for money damages relating to items of property.  The Third Circuit has adhered to the majority view, holding that Rule 41(g) "provides for one specific remedy—the return of property." *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000); see also *United States v. Hernandez*, No. 95-0296-001, 2006 U.S. Dist. LEXIS 13920, at *1 (M.D. Pa. Mar. 9, 2006) ("[T]he Third Circuit . . . prohibits the award of monetary damages on a Rule 41(g) motion . . . ."). *Pitts v. United States*, 228 F. Supp. 3d 412 (E.D. Pa 2017) ("A majority of courts . . . have declined to interpret Rule 41(g) as a waiver of sovereign immunity that would permit a claimant to receive damages in lieu of tangible property — including money — that the government has lost or destroyed.").

Consequently, the Court will not award monetary damages in a Rule 41(g) proceeding to substitute for money or any other item that the Government may have lost or destroyed. *Pitts*, 228 F. Supp. 3d 412 (stating that the Government might still possess certain other items that Pitts seeks, including a "Lotus cellular telephone, an iPod, additional pieces of the tool set several DVDs and/or CDs, and a brown leather jacket…Because the items cannot be located, however, and the [c]ourt lacks power under Rule 41(g) to order any remedy other than specific performance the [c]ourt declines to order the return of these currently lost or missing items.").

### IV.   CONCLUSION:

For these reasons, the Court will deny Defendant's Motion, and the Government will not be ordered to return property.

BY THE COURT:

　/s/ John Milton Younge　
Judge John Milton Younge